UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARK ANTHONY ORTEGA,           §
                               §
              Plaintiff,        §
                               §
       v.                      §        Case No. 5:26-cv-03359-OLG-KGS
                               §
EQUIFAX INFORMATION SERVICES,  §
LLC,                           §
                               §
              Defendant.        §

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MOTION FOR JUDGMENT ON THE PLEADINGS
AND MEMORANDUM IN SUPPORT**

Defendant Equifax Information Services LLC ("Equifax"), by and through counsel,
hereby submits this Motion for Judgment on the Pleadings (Dkt. 1-1, "Compl.") and
Memorandum in Support of its Motion for Judgment on the Pleadings (the "Motion") pursuant
to Federal Rule of Civil Procedure 12(c).

**INTRODUCTION**

Plaintiff's Complaint fundamentally fails to state a cause of action against Equifax.
Plaintiff alleges three claims against Equifax: (1) an alleged violation of Section 1681e(b) of
the Fair Credit Reporting Act ("FCRA"); (2) an alleged violation of Section 1681i of the FCRA;
and (3) an alleged violation of the Texas Fair Credit Reporting Act (Dkt. 1-1.) Each claim is
deficient and must be dismissed.

Each of Plaintiff's claims requires that he alleges Equifax's credit information was
inaccurate within the meaning of the FCRA, but he fails to meet this burden. Plaintiff attempts to
claim his agreement with JPMorgan Chase Bank N.A. ("JPMorgan") was legally invalid as there
is "an Order of Dismissal stating that "All Claims asserted by [JPMorgan]…are hereby

288202321.v1

DISMISSED WITH PREJUDICE to the refiling of the same." Dkt. 1-1, ¶ 8. But the Fifth Circuit has held that this type of legal dispute is not a cognizable inaccuracy under the FCRA as "consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 289 (5th Cir. 2025). Plaintiff goes on to argue that his debt can no longer be reported with a balance and as charged off. Dkt. 1-1, ¶¶ 18-19. But again, the Fifth Circuit has rejected this position, holding that it is not inaccurate or misleading to report an "unpaid balance of over $3,200" after a furnisher "charged off the account." *Id.* at 282, 286-87. This is because a "write-off of a debt on the creditor's books is an accounting practice that does not of itself amount to a discharge or release of the debt." *Long v. Turner*, 134 F.3d 312, 316 (5th Cir. 1998). As a result, reporting a debt after an account is charged off is not inaccurate under the FCRA. In sum, absent a cognizable inaccuracy, Plaintiff's FCRA claims fail at the threshold and must be dismissed.

Section 1681e(b) claim is separately subject to dismissal as Plaintiff does not allege that Equifax provided a credit report to a specific third party (much less what information this report contained or how it was inaccurate). As the provision of an inaccurate report to a specific third party is a fundamental pleading requirement in a Section 1681e(b) claim, Plaintiff's failure to include such allegations dooms this cause of action and mandates dismissal.

## **LEGAL STANDARD**

A Rule 12(c) motion for judgment on the pleadings is analyzed the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. Myspace, Inc.,* 528 F. 3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson,* 385 F. 3d 503, 529 (5th Cir. 2004)). A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it

2

to relief.  *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Power Entm't, Inc. v. Nat'l Football League Prop, Inc.,* 151 F. 3d 247, 249 (5th Cir. 1998).  Federal rules require a plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief, i.e., the plausibility of entitlement of relief.  *Bell Atl. v. Twombly,* 550 U.S. 544, 557 (2007).

To withstand a Rule 12(b)(6) or 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  When considering a motion dismissing a complaint for failure to state claim, courts should accept all well-pled facts in the complaint as true and draw all inferences in the plaintiff's favor.  *Id.*  However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation omitted); *Jones v. Alcoa, Inc.,* 339 F.3d 359, 362 (5th Cir. 2003).  Rather, to avoid dismissal, a "plaintiff must plead specific facts, not merely conclusory allegations . . . ."  *Carter v. Diamond URS Huntsville, LLC,* 175 F. Supp. 3d 711, 731 (S.D. Tex. 2016); *Aztec Oil & Gas, Inc. v. Fisher,* 152 F. Supp. 3d 832, 839 (S.D. Tex. 2016).  In other words, a plaintiff must plead a "plausible claim for relief" – one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal,* 556 U.S. at 678.

## ARGUMENT

### I.    Plaintiff has not alleged a cognizable inaccuracy to sustain an FCRA claim.

This case concerns a legal dispute between Plaintiff and JPMorgan over the effect of a state-court "Order of Dismissal" on a consumer debt. Dkt. 1-1, ¶ 8. Plaintiff attempts to conscript Equifax into serving as enforcement agents for a court order that was never directed at them.

288202321.v1

Alleging an actionable inaccuracy is a threshold requirement to state a violation of Section 1681e(b) or Section 1681i of the FCRA. Plaintiff fails to sufficiently meet this threshold burden as Plaintiff's legal dispute over whether the dismissal of a case regarding an underlying tradeline can be reported to a credit reporting agency is not a cognizable inaccuracy for FCRA purposes under established Fifth Circuit precedent. The Fifth Circuit has held that this type of legal dispute is not a cognizable inaccuracy under the FCRA as "consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA." *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 289 (5th Cir. 2025). "[I]naccuracy is a threshold requirement for § 1681i claims." *Reyes*, 140 F.4th at 286. Likewise, to "recover on a § 1681e(b) claim, a plaintiff must show that" the "CRA prepared a consumer report that contained inaccurate information." *Dill v. Experian Info. Sols. Inc.*, No. 3:23- CV-1399, 2026 U.S. Dist. LEXIS 77663, at *20 (N.D. Tex. Mar. 18, 2026). Alleged inaccuracies that turn on legal disputes are not cognizable under the FCRA. *Reyes*, 140 F.4th at 289; *Garza v. Trans Union, LLC*, No. 1:24-cv-00359, 2026 U.S. Dist. LEXIS 26224, at *10 (W.D. Tex. Feb. 6, 2026) (granting motion to dismiss Section 1681i claim as "the question of the validity of Plaintiff's debt was not a factual matter" and did not present "a cognizable factual inaccuracy"); *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 891-92 (9th Cir. 2010) ("collateral attacks on the legal validity of . . . debts" cannot satisfy the "inaccuracy" element of an FCRA claim); *Hossain v. Portfolio Recovery Assocs., LLC*, 693 F. Supp. 3d 358 (E.D.N.Y. 2023) (a claim of inaccuracy "is not cognizable under the FCRA" if it is based on "an unresolved legal question requiring legal reasoning based on factual analysis and, consequently, is 'not objectively and readily verifiable.'"). This is because credit reporting agencies are not tribunals and are not equipped, or required, to resolve unsettled legal disputes, as circuit courts across the country have repeatedly recognized. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d

4

876, 891-92 (9th Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1156 (9th Cir. 2009); *accord Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 271 (2d Cir. 2023); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008); *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021); *Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019); *Batterman v. BR Carroll Glenridge, LLC*, 829 F. App'x 478, 481 (11th Cir. 2020). Resolution of legal defenses, contract disputes, and legal analysis is the purview of the courts. *Hossain*, 693 F. Supp. 3d at 364 ("it is the role of a court, and not a CRA or any other entity, to determine the validity of" legal arguments and to "find otherwise would usurp the role of judiciary to decide legal issues"); *Humphrey*, 759 F. App'x at 488 (7th Cir. 2019) ("CRAs are not a tribunal sitting to resolve legal disputes.").

While not entirely clear, Plaintiff alleges he disputes the legal enforceability and reporting of his JPMorgan account ending in 2933 because of "an Order of Dismissal stating that 'All Claims asserted by [JPMorgan]…are hereby DISMISSED WITH PREJUDICE to the refiling of the same.'" (Dkt. 1-1, ¶ 8.) However, Plaintiff does ***not*** allege or claim that this debt is inaccurate. Plaintiff goes on to state that "[u]nder Texas law, a dismissal with prejudice acts as a final adjudication on the merits, operates as res judicata, and permanently bars the creditor from collecting the debt," but the Fifth Circuit has expressly ruled that this is *not* a cognizable inaccuracy which could create liability under the FCRA, as credit reporting agencies do not have the capacity or ability to adjudicate this kind of unsettled legal dispute. Dkt. 1-1, ¶ 9, *Reyes*, 140 F.4th at 287 ("credit reporting agencies are not tribunals and 'are neither qualified nor obligated to resolve legal issues.'"). And courts have repeatedly dismissed FCRA claims where, as here, a credit reporting agency would be required to evaluate factual evidence and provide a legal adjudication and determination of each party's rights, as this is not the type of factual inaccuracy a credit reporting

5

agency can, or should be, required to resolve, but is best left for a court of law. *Garza*, 2026 U.S. Dist. LEXIS 26224, at *7 (granting motion to dismiss Section 1681i claim where plaintiff's purported inaccuracy "would have still required that Trans Union analyze 'a not-yet-adjudicated position' and undertake a legal issue determination that it is 'neither qualified nor obligated to resolve[.]'"); *Glass v. Bread Fin. Holdings, Inc.*, No. 6:23-CV-686, 2024 U.S. Dist. LEXIS 90464, at *8 (W.D. Tex. May 20, 2024) (granting motion for judgment on the pleadings as "Plaintiff fails to plead any factual misreporting of a debt, but only pleads misreporting due to an underlying legal dispute" and the "FCRA does not require CRAs to resolve legal disputes in their investigations."); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation, however, does not require CRAs to resolve legal disputes about the validity of the underlying debts they report"); *DeAndrade*, 523 F.3d at 68 (holding a reasonable reinvestigation does not entail resolving "legal issue[s] that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA"); *Silver v. Top Line Reporting Inc.*, No. 25-cv-4375, 2025 U.S. Dist. LEXIS 205169, at *7-8 (E.D.N.Y. Oct. 16, 2025) (finding no cognizable inaccuracy under the FCRA where "only way Trans Union could have objectively and readily verified the inaccuracy was to insert itself into plaintiff's dispute with her landlord" and this "is asking too much of a consumer reporting agency. Trans Union is neither an accounting firm nor a law firm, and it did not have to undertake that kind of intricate analysis.").

Plaintiff's purported inaccuracy – that Equifax be forced to evaluate the procedural posture of "a debt collection lawsuit filed against Plaintiff in the County Court at Law Number 10, Bexar County, Texas under Cause No. 2025CV2464," review the pleadings, assess the legal validity of that case, and then determine whether the underlying terms of the credit card agreement with JPMorgan were enforceable in light of an "Order of Dismissal" (Dkt. 1-1, ¶¶ 7-9) – is a legal

6

dispute that Equifax is not able, or required, to adjudicate within the limited purview of the FCRA. Here, the court order was directed at JPMorgan, not Equifax. Dkt. 1-1, ¶¶ 7-9. Equifax was not a party to the Bexar County proceeding. Plaintiff cites no authority to support the proposition that a court order directed at a furnisher imposes an independent legal obligation on a non-party credit reporting agency to delete or suppress the reported information. Moreover, Equifax had no way to independently determine whether JPMorgan was dismissed on a procedural issue or if it involved a full adjudication of the case. That determination requires legal analysis that Equifax is not equipped or required to perform.

Plaintiff is effectively asking this Court to hold that Equifax must serve as an enforcement arm for state-court orders directed at furnishers. The FCRA imposes no such duty. Equifax's statutory obligation is to conduct a "reasonable reinvestigation" when it receives a dispute (15 U.S.C. § 1681i(a)(1)(A)), and not to independently determine the legal enforceability and preclusive effect of court orders issued against third parties in proceedings to which Equifax was not a party. This is a textbook collateral attack, which is insufficient to satisfy the inaccuracy element of the FCRA. *See Reyes*, 140 F.4th at 289 (5th Cir. 2025) ("We find persuasive the reasoning of the Collateral Attack Cases and join the other circuits in holding that consumer reporting agencies are not required to investigate the legal validity of disputed debts under the FCRA."); *Carvalho*, 629 F.3d at 891-92 (9th Cir. 2010) ("collateral attacks on the legal validity of . . . debts" cannot satisfy the "inaccuracy" element of an FCRA claim).

Because Plaintiff's claims rest on a legal defense and not a factual inaccuracy in reporting, Plaintiff's FCRA claims are foreclosed as a matter of law and must be dismissed.

288202321.v1

**II.    Plaintiff's Section 1681e(b) claim fails on distinct grounds.**

15 U.S.C. §1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." That provision does not give rise to a strict liability claim for inaccuracies. *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986) ("In determining liability under the FCRA, the standard of conduct by which the trier of fact must judge the adequacy of agency procedures is what a reasonably prudent person would do under the circumstances.") (citation modified).

Here, the Complaint alleges that because the Plaintiff did not get what he wanted, i.e. deletion of the account with JPMorgan, the Equifax's procedures are unreasonable under §1681e(b). Dkt. 1-1, ¶ 29. But Equifax's failure to adjudicate a legal dispute is not competent to address a "per se" violation of §1681e(b); only a Court can address those disputes. *Reyes*, 140 F.4th at 287. The Complaint otherwise fails to identify any specific procedure that Equifax lacked or any procedural step that Equifax failed to take. The Complaint does not allege, for example, that Equifax failed to maintain a dispute resolution system, failed to have intake procedures for consumer disputes, or failed to have any systemic process for ensuring accuracy.

Moreover, "before considering whether Defendant followed reasonable reporting procedures, reasonably investigated Plaintiff's disputes, or caused Plaintiff harm, the court must determine whether Plaintiff's credit report was inaccurate." *Estrada*, 670 F. Supp. 3d at 419; *see also Dill v. Experian Info. Sols. Inc.*, No. 3:23-CV-1399, 2026 WL 958784, at *7 (N.D. Tex. Mar. 18, 2026) (To "recover on a § 1681e(b) claim, a plaintiff must show that" the "CRA prepared a consumer report that contained inaccurate information[.]"). As discussed above, the Complaint discusses only alleged legal inaccuracies, and not factual inaccuracies. Indeed, the Complaint does

288202321.v1

not dispute that the JPMorgan loan existed, the account was charged off, and the balances reported reflected the outstanding obligation.

Because the Complaint does not identify any specific procedural deficiency or factual inaccuracy, Plaintiff's § 1681e(b) claim should be dismissed as to Equifax.

### III.    Plaintiff's State Law Claims Are Preempted And Fail To State a Claim.

In addition to his FCRA claims, it appears that Plaintiff attempts to assert state law claims under the Texas Fair Credit Reporting Act ("TFCRA").  Dkt. 1-1, ¶¶ 64-68. Plaintiff alludes to a potential cause of action under the TFCRA Code Section 20.06 (a) and (d) and 20.07(b) as these claims also relate to inaccuracy, improper reinvestigation and failure to maintain reasonable procedures  Dkt. 1-1, ¶¶  33-34. However, Plaintiff's claims fails as a matter for law for two reasons: (1) any claims under the TFCRA are preempted by the FCRA, and  (2) even if Plaintiff's state law claims are not preempted, they should be dismissed pursuant to Rule 12(c) because Plaintiff fails to allege enough facts to state a plausible claim for relief on her TFCRA claim.

The FCRA contains two preemption sections, 15 U.S.C. § 1681t(b) and 15 U.S.C. § 1681h(e). Section 1681t(b)(1)(B) broadly preempts any and all state laws, and claims arising under those statutes, with respect to any subject matter regulated under section 1681i, including with respect to what are commonly referred to as "reinvestigation" procedures and "any procedure related to the disputed accuracy of information in a consumer's file." *See* 15 U.S.C. § 1681t(b)(1)(B).

Here, Plaintiff's TFCRA claims are wholly preempted by FCRA section 1681t(b)(1)(G) as statutory state law claims that relate to information in a consumer's file. 15 U.S.C. § 1681t(b)(1)(G). Alternatively, even if Plaintiff's state law claims are not preempted, they should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege enough facts to state a

288202321.v1

plausible claim for relief on his TFCRA claims. Plaintiff's claim fails for the same reason his FCRA claim falls short—Plaintiff's claim constitute a legal dispute and he has failed to allege that Equifax failed to follow proper reinvestigation procedures. Simply put, Plaintiff's TFCRA claims fail because they are preempted by the FCRA, and because Plaintiff failed to set forth sufficient allegations of inaccuracies required to maintain a cause of action. Plaintiff's bare allegations fail to raise a right to relief under the TFCRA above the speculative level, and accordingly, should be dismissed under Rule 12(c).

## CONCLUSION

WHEREFORE, Equifax Information Services, LLC, respectfully requests that the Court dismiss Plaintiff's Complaint (Dkt. 1-1) in its entirety with prejudice and without leave to amend.

Dated: July 6, 2026                           Respectfully submitted,


By: */s/ Forrest M. "Teo" Seger III*
    **FORREST M. "TEO" SEGER III**
    Texas Bar No. 24070587
    TSeger@clarkhill.com
    **CLARK HILL PLC**
    2301 Broadway St.
    San Antonio, Texas 78215
    (210) 250-6000
    (210) 250-6100 (Fax)

**ATTORNEY FOR DEFENDANT,**
**EQUIFAX INFORMATION SERVICES LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Motion for Judgment on the Pleadings and Memorandum in Support* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

288202321.v1

I further certify that on July 6, 2026, a true and correct copy of the foregoing *Defendant Equifax Information Services LLC's Motion for Judgment on the Pleadings and Memorandum in Support* was served on Pro Se Plaintiff, via United States Mail, to the address set forth below:

> Mark Anthony Ortega
> P.O. Box 702099
> San Antonio, Texas 78270
> *Pro Se Plaintiff*

*/s/ Forrest M. "Teo" Seger III*
Forrest M. "Teo" Seger III

11

288202321.v1