**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO**

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, ET AL.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 5:26-cv-03359-OLG-KGS |

**OPPOSED MOTION TO STAY PENDING RESOLUTION OF**
**EQUIFAX'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW, Defendant Equifax Information Services LLC ("Equifax"), by and through its counsel of record, and hereby moves to stay the claims against Equifax, including staying all discovery and all other existing case deadlines, pending the Court's ruling Equifax's Motion to Dismiss Plaintiff's Complaint, and would respectfully show the Court as follows:

## I. INTRODUCTION

This case was originally filed by Plaintiff Mark Anthony Ortega ("Plaintiff") in the County Court at Law No. 10, Bexar County, Texas, on or about April 13, 2026. On May 22, 2026, Equifax removed the action to this Court. ECF No. 1. Since removal, this Court has exercised jurisdiction over the matter and all subsequent proceedings. On July 6, 2026, Equifax filed a Motion for Judgment on the Pleadings. ECF No. 8. Thereafter, on July 21, 2026, the Court entered a Scheduling Order establishing the deadlines for discovery and the completion of other pretrial proceedings. EFC No. 13.

On July 24, 2026, Plaintiff filed his First Amended Complaint. ECF No. 15. On August

14, 2026, Equifax filed its answer to Plaintiff's First Amended Complaint. ECF No. 16. On September 10, 2026, Plaintiff filed a Motion to Compel Discovery and was denied on September 23, 2026. ECF Nos. 17, 22.

On September 23, 2026, Plaintiff filed his Second Amended Complaint (the "Amended Complaint"), and on October 7, 2026, Equifax filed its Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss") based on Plaintiff's failure to state a claim upon which relief can be granted. ECF Nos. 23, 25.

Given the probable disposition of Plaintiff's claims against Equifax, Equifax respectfully requests the Court stay the claims against it, including discovery and all exiting deadlines, pending outcome of its Motion to Dismiss Plaintiff's Amended Complaint.

## II. FACTUAL BACKGROUND

Plaintiff's claims in this action arise out of an improper collateral attack on a debt that he admittedly owes to JP Morgan Chase ("JPMorgan"). Specifically, Plaintiff disputes the legal enforceability and reporting of his JPMorgan account (the "Account") because of "an order captioned 'Order of Granting Defendant's Motion to Lift Stay and Dismiss for Failure to Prosecute'" stating that "'[a]ll claims asserted by [JPMorgan] . . . are hereby DISMISSED WITH PREJUDICE to the refiling of the same.'" ECF No. 23 ¶ 10. However, Plaintiff does not allege or claim that this debt is inaccurate or does not belong to him.

The crux of Plaintiff's allegations is that Equifax violated the FCRA by continuing to report the Account after JPMorgan's lawsuit (the "State Court Action") against him was dismissed. These are not proper claims against consumer reporting agencies ("CRAs"), such as Equifax. Case law makes clear that an alleged inaccuracy must be factual in nature, not legal, and CRAs are not required to resolve these types of impermissible attacks by a consumer of the legal validity of a debt. Nor are CRAs required or competent to decide legal issues. Further,

assuming *arguendo* that the dismissal with prejudice of the State Court Action barred JPMorgan from pursuing future collection efforts against Plaintiff, it does not follow that the dismissal extinguished the underlying debt itself. Because the debt was not eliminated by the dismissal of the State Court Action, Equifax's reporting of the debt was not inaccurate as a matter of law. Accordingly, the Motion to Dismiss raises a threshold legal question that does not require factual development through discovery and, if granted, would dispose of Plaintiff's claims in full. Requiring the parties to engage in discovery before the Court resolves this dispositive legal issue would impose unnecessary expense and burden. A stay of discovery is therefore warranted pending the Court's ruling on Equifax's Motion to Dismiss.

## III. LEGAL STANDARD

It is well settled that courts have the authority to stay proceedings to manage their docket based on the particular facts of a case. *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 852–53 (N.D. Tex. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its dockets with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, "Fifth Circuit precedent permits discovery only *after* a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant." *Nelson v. La. Dept. of Public Safety and Corrs.*, No. 18-282-SDD-EWD, 2019 WL 2062501, at *5 (M.D. La. May 9, 2019) (emphasis in original). Courts across the Fifth Circuit have frequently issued stays in cases where dispositive motions are pending. *See, e.g., Conquest v. Camber Corp.*, No. 5:13-cv-1108-DAE, 2014 WL 172500, at *2 (W.D. Tex. Jan. 13, 2014); *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to

dismiss 'might preclude the need for discovery altogether thus saving time and expense'") (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

## IV. ARGUMENT AND AUTHORITIES

### A. The Motion to Dismiss Plaintiff's Amended Complaint Will Dispose of All of Plaintiff's Claims against Equifax.

As discussed more thoroughly in the Motion to Dismiss, Equifax contends that Plaintiff has failed to identify any actionable claim against it. *See generally* ECF 23. Consequently, because there is a strong likelihood the pending motion will dispose of all of Plaintiff's claims against Equifax, the Court should stay all deadlines established in the case, including discovery. The Fifth Circuit has specifically noted that there are reasons to stay discovery of a case pending resolution of a plaintiff's potentially invalid claim:

> Pending a case surviving a motion to dismiss under Rule 12(b)(6), however, the district court *may* wish to postpone the issuance of a scheduling order until it decides whether the case merits further factual development.

*Alpha Kappa Alpha Sorority, Inc. v. Converse Inc.*, 175 F. App'x 672, 682 (5th Cir. 2006) (emphasis in original) (citing *Ehlmann v. Kaiser Found. Health Plan of Tex.*, 198 F.3d 552, 554 (5th Cir. 2000)).

Applied here, Plaintiff's claims against Equifax are without merit because he has failed to allege an inaccuracy, an essential element to his FCRA claims. *See generally* ECF. No 23. As detailed in the Motion Dismiss, Plaintiff's claims fail to identify any inaccuracy in Equifax reporting of the Account. Therefore, Plaintiff's claims fail as a matter of law. *See generally* ECF. No. 25. Numerous courts within this Circuit and beyond routinely dismiss FCRA cases based on a plaintiff's failure to plausibly allege an inaccuracy. *See, e.g..*, *Warner v. Equifax Information Services, LLC,* No. 3:23-cv-1286, 2025 WL 7142343, at *6 (N.D. TX), February 11, 2025, holding that "(t)o state a cause of action under 15 U.S.C. §1681(e)b, a plaintiff 'must establish

that (1) inaccurate information was included in [her] credit report; (2) the inaccuracy was due to due to [defendant's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [plaintiff] suffered injury; and (4) [her] injury was caused by the inclusion of the inaccurate entry.'" Interior cites omitted. *Williams v. Trans Union, LLC,* No. 1:19-cv-01896-TWT-CMS, 2019 WL 11502906, n.5 (N.D. Ga. Oct. 23, 2019) (holding "Plaintiff's FCRA claims are due to be dismissed for failure to allege an inaccuracy"); *Reeves v. Nelnet Loan Services,* No. 4:17-cv-3726, 2018 WL 2200112, at *6 (S.D. Tex. May 14, 2018) ("[h]aving failed to allege facts establishing any predicate inaccuracy or incompleteness in the information Defendants reported to the CRAs, Plaintiff cannot plausibly claim a violation of [the FCRA]"); *Shaw v. Equifax Info. Sols., Inc.,* 204 F. Supp. 3d 956, 961 (E.D. Mich. Aug. 31, 2016) (holding "[b]ecause . . . there is no inaccuracy on Plaintiff's Experian credit report, Plaintiff's claims for negligent and willful violation of the FCRA must be dismissed").

Simply put, because Plaintiff's purported "inaccuracy" is nothing more than an attempt to have Equifax to accept his legal position in an underlying dispute over the validity of the debt, and such purported inaccuracy is not actionable under the FCRA, the Court should stay this action until it rules on Equifax's Motion to Dismiss, which may dispose of all of Plaintiff's claims in this case in their entirety, and thus prevent the Court from expending precious time and resources needed for proper discovery.

**B. No Discovery is Currently Needed.**

It is well-settled that motions challenging the legal sufficiency of a claim or defense, such as a motion to dismiss or motion for judgment on the pleadings based on a failure to state a claim, should be resolved before discovery begins. *See Boudreaux v. C J R Framing Inc.*, 744 F. App'x 208, 211 (5th Cir. 2018) ("'a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits.'") (quoting

*Ferrer v. Chevron Corp.*, 484 F.3d 776, 782 (5th Cir. 2007)); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should following the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

Even as to the minimal discovery done to date on Plaintiff's straight forward claim, Plaintiff has already raised various disputes with the Court, and has requested multiple meet-and-confers with Equifax's counsel. The parties are also shortly bringing to the Court competing confidentiality orders given Plaintiff's untenable position that he should be able to submit Equifax's confidential documents to open-source AI platforms.

Given the dispositive nature of Equifax's motion to dismiss, and the ongoing burden on the parties and the Court regarding discovery disputes, the Court should stay discovery pending resolution of Equifax's Motion to Dismiss. The Motion to Dismiss does not require any discovery, and the parties should not be required to expend any additional time and resources propounding and responding to discovery requests, conducting depositions, and engaging in potential discovery motions regarding claims that are unlikely to survive dismissal.

## V. CONCLUSION

Therefore, Equifax respectfully requests the Court stay discovery as to Equifax pending resolution of its Motion to Dismiss Plaintiff's Amended Complaint.[1]

Respectfully submitted,

[1] Defendant JP Morgan Chase has not appeared in this action, and this Motion is brought solely on behalf of Equifax.

DATED: October 19, 2026

SEYFARTH SHAW LLP

*/s/ Liliana V. Sánchez*

Liliana V. Sánchez, Bar No. 24104362
Email: lvsanchez@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, TX 75201
Tel.: (469) 608-6758

*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF CONFERENCE**

I certify that, pursuant to Local Rule CV-7(g), counsel for Equifax conferred with Plaintiff on October 19, 2026, regarding the relief sought in Equifax's Motion to Stay, and Plaintiff stated that Plaintiff opposes the Motion.

*/s/ Liliana V. Sánchez*
Liliana V. Sánchez
*Counsel for Defendant*
*Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I presented the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and Pro Se Plaintiff:

*/s/ Liliana V. Sánchez*
Liliana V. Sánchez
*Counsel for Defendant*
*Equifax Information Services LLC*