IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK ANTHONY ORTEGA, *Plaintiff,* vs. EQUIFAX INFORMATION SERVICES LLC, *Defendant.* | §§§§§§§§§§§§ | SA-26-CV-03359-OLG-KGS |

## ORDER

Before the Court is Defendant Equifax Information Services LLC's Opposed Motion to Stay Discovery and All Other Existing Deadlines, ECF No. 30, and Plaintiff Mark Anthony Ortega's Opposed Motion for Entry of Confidentiality and Protective Order, ECF No. 33. The District Court referred this case to the undersigned for disposition to all pretrial matters. ECF No. 3. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a).

For the reasons discussed herein, the Court **GRANTS** Equifax's Motion to Stay and imposes a stay on all discovery and deadlines as to Defendant Equifax. The Court further **DENIES** Ortega's Motion for Entry of Confidentiality and Protective Order without prejudice.

## I. Equifax's Motion to Stay

By its motion, Equifax requests that the Court impose a stay in this case until after the District Court rules on its motion to dismiss. ECF No. 25. The Court will grant the motion to stay.

The Federal Rules allow courts to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). Good cause may exist when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.* "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Equifax moved to dismiss Ortega's case under Rule 12(b)(6), arguing Ortega's second amended complaint fails to state a plausible claim of relief. ECF No. 25. The District Judge referred the motion to the undersigned to provide a report and recommendation. If the District Judge ultimately grants the motion in full, the case against Equifax will be dismissed. If the District Judge grants the motion in part, the claims at issue in this case could be narrowed, thereby limiting the scope of discovery. Imposing a stay preserves the parties' resources and avoids potentially unnecessary litigation and discovery. The Court therefore finds a stay is warranted.

## II. Ortega's Motion for Entry of Confidentiality and Protective Order

Ortega requests the Court enter a confidentiality and protective order to aid in the parties' discovery. With this Order, the Court stays all discovery related to Equifax, thereby obviating the need for a protective order to aid discovery. The Court will therefore deny Ortega's motion for protective order without prejudice to refiling. Should the District Court deny any part of Equifax's motion to dismiss, Ortega may re-urge his motion and seek a protective order at that time.

For the reasons discussed, the Court **GRANTS** Equifax's Opposed Motion to Stay Discovery and All Other Existing Deadlines. ECF No. 30. The Court **ORDERS** that all discovery and deadlines related to Equifax are **STAYED** pending the District Court's ruling on Equifax's Motion to Dismiss. The parties may not serve any discovery requests related to Equifax, and the undersigned will refrain from ruling on any pretrial motion related to Equifax, until the District Court resolves the Motion to Dismiss.

The Court further **DENIES** without prejudice Ortega's Opposed Motion for Entry of Confidentiality and Protective Order. ECF No. 33.

The Court finally **ORDERS** the parties to file a joint proposed scheduling order within 14 days of the District Court's entry of an order denying any part of Equifax's motion to dismiss.

The Court notes that Ortega named J.P. Morgan Chase Bank, N.A. as a defendant in this case after the Court entered a scheduling order. J.P. Morgan's answer is due December 7, 2026. The stay imposed by this order shall not apply to J.P. Morgan unless and until J.P. Morgan requests a stay and the Court grants the request.

**It is so ORDERED.**

SIGNED this 30th day of October, 2026.

**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**